1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  DAVID DELGADO-RUCCI, State Bar No. 149090
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-2223
     Fax: (619) 645-2191
9    Email: David.DelgadoRucci@doj.ca.gov

10  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHARON YOLANDA WILLIAMS,** | 07-2345 JLS (JMA) |
| Petitioner, | **MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **DEBORAH PATRICK, Warden,** | |
| Respondent. | Oral Argument Not Required |

COMES NOW RESPONDENT Deborah L. Patrick, Warden, Central California Women's Facility, Chowchilla, California, by and through his counsel, Edmund G. Brown Jr., Attorney General for the State of California, and David Delgado-Rucci, Deputy Attorney General, and files this Motion to Dismiss the Petition for Writ of Habeas Corpus.

**I.**

Petitioner is in the custody of respondent after plea agreements in four cases in San Diego County which resulted in a final prison sentence of eight years and eight months.

**II.**

The Petition for Writ of Habeas Corpus is timely and subject to the requirements of 28 U.S.C. § 2254, the Antiterrorism and Effective Death Penalty Act ("AEDPA").

**III.**

Petitioner's claim that the trial court erred in denying her motion to dismiss the 1986 strike conviction because it failed to balance the relevant facts of her prior criminal history, particularly the nature and circumstances of the 1986 strike conviction, was not presented as a federal question in state court and is not a federal question for which relief may be granted.

**IV.**

The relevant facts and procedural history set forth in the accompanying Memorandum of Points and Authorities are incorporated herein by this reference. Except as expressly admitted herein or in the Memorandum of Points and Authorities, Respondent denies that Petitioner's confinement is in any way improper, that any condition of Petitioner's confinement is illegal, or that any of his constitutional rights have been or are being violated in any way.

WHEREFORE, for the reasons set forth in this Answer, the Memorandum of Points and Authorities filed in support of this Answer and incorporated herein by this reference, and for such other and further good cause as the Court may find, this Court should deny the Petition with prejudice, deny all other relief, and deny any request for a certificate of appealability.

/ / /

/ / /

/ / /

## STATEMENT OF THE CASE

**Case No. SCD 192976**

On May 2, 2006, Petitioner pled guilty to one count of possession of cocaine base for sale, Cal Health & Saf. Code §11351.5, and admitted she had a prior conviction for possession for sale, Cal. Health & Saf. Code §11370.2 (a), and a prior strike conviction, Cal. Penal Code §§ 667(b)-(i); 1170.12. (Lod. 1; 1 CT 11.) The plea agreement required the dismissal of the remaining counts. The sentence in this case would be concurrent to any sentence in cases SCS 192457, and SCS 193480. (1 CT 11.)

**Case No. SCS 198779**

On May 24, 2006, Petitioner pled guilty to receiving stolen property, Cal. Penal Code § 496(a), and committing the offense while out on bail, Cal. Penal Code § 12022.1(b). (Aug. CT 9.) The plea agreement required the dismissal of the remaining charges. The sentence in this case would be concurrent to any sentence in cases SCS 192457, and SCS 193480. (Aug. CT 9.)

**Case No. SCS 192457**

On June 14, 2006, Petitioner pled guilty to possession of cocaine, Cal. Health and Saf. Code § 11350. (Aug. CT 66-68.) The sentence would be concurrent with the sentence for case SCS 193480. (Aug. CT 66.)

**Case No. SCS 193480**

Also on June 14, 2006, Petitioner pled guilty to one count of possession of cocaine, Cal. Health and Saf. Code § 11350. (Aug. CT 36-38.) The sentence would be concurrent with the sentence for case SCS 192457. (Aug. CT 36.)

On August 1, 2006, the San Diego County Superior Court denied Petitioner's motion to dismiss the strike conviction. (Lod. 8; 1 RT 20.) Petitioner was sentenced to 9 years in prison on case SCD 192976, which consisted of the low term of 3 years doubled to 6 years, with an additional 3 years for the enhancement. (1 RT 20-21.)

As to case SCS 198779, the court imposed the middle term of 2 years to run concurrent with the sentence imposed in case SCD 192976, and an additional 2 year consecutive sentence for committing the offense while on bail. (1 RT 21.)

1   As to case SCS 193480, the court imposed the middle term of 2 years to run concurrent with case SCD 192976. (1 RT 21.)

2   As to Case No. 192457, the court imposed the middle term of 2 years to run concurrent with the sentence imposed on case SCD 192976. (1 RT 22.) The total sentence imposed on August 1,2006 was 11 years.

3   On August 19, 2006, Petitioner requested reconsideration to recall the sentence pursuant to California Penal Code section 1170, subdivision (d). (Aug. CT 12-1 8 .) On September 6, 2006, the court recalled and rescinded the sentence imposed on August 1, 2006. This time, the trial court struck the enhancement imposed for a violation of California Health and Safety Code section 11370.2, subdivision (a). The total term was now 6 years in state prison. (1 CT 83; 1 RT 35 .)

4   As to case SCS 198779, the court imposed one-third the middle term, or 8 months, but kept the 2 year term for the enhancement. (1 RT 36.)

5   As to case SCS 192457, the middle term of 2 years was imposed, to run concurrent with the sentence in case SCD 192976. (1 RT 36.)

6   As to case SCS 193480, the middle term of 2 years was imposed, to run concurrent with the sentence in case SCD 192976. (1 RT 36.)

7   The total prison term as to all cases was reduced to 8 years and 8 months. (1 CT 59; 1 RT 37.)

8   Petitioner filed an opening brief in the California Court of Appeal, Fourth Appellate District, Division One, case number D049575, claiming the trial court erred in failing to balance the facts of her criminal history, in particular the nature and circumstances of her 1986 strike conviction. (Lod. 2.) Respondent filed a respondent's brief (Lod. 3), and Petitioner filed a reply brief. (Lod. 4.)

9   On June 19, 2007, the California Court of Appeal filed an unpublished opinion affirming the judgment and conviction. (Lod. 5.)

10   Petitioner filed a petition for review in the California Supreme Court, case number S154649, raising the same issue. (Lod. 6.) The court denied the petition on August 29, 2007. (Lod. 7.)

Motion, & Memo of Points & Auth in support thereof, to dismiss petition for writ of h.c.    07-2345 JLS (JMA)
3

Petitioner filed the instant Petition for Writ of Habeas Corpus on December 17, 2007.

**STATEMENT OF FACTS**

The facts stated are for case SCD192976. They are taken form the California Court of Appeal's decision.

On February 10, 2005, San Diego Police officers stopped Petitioner for a traffic violation. After learning that her driver's license was suspended, they arrested her and found 11.56 grams of cocaine base in her pocket. In 1985, Petitioner had been convicted of assault with a deadly weapon after she shot the victim. (Lod. 5 at 2.)

**ARGUMENT**

**I.**

**THE PETITION FOR WRIT OF HABEAS CORPUS DOES NOT STATE A FEDERAL CLAIM FOR WHICH RELIEF MAY BE GRANTED**

Petitioner claims the state trial court abused its discretion by not dismissing the 1986 strike conviction, which she considers to be "the one-sided exercise of discretion." (Pet. at 6.) This claim must be rejected.

**A.   Factual Background Of The Claim**

Petitioner filed a motion to dismiss the strike. In the motion, Petitioner claimed that while she had "relapsed" after her "long dormant addiction," none of the current offenses were serious or violent offenses. The majority of the offenses involved drugs for personal use, with the exception of one offense in which she possessed 12 grams of rock cocaine for sale. (1 CT 27-238.)

Petitioner also claimed that her prior criminal history consisted of only one prior serious conviction which was 20 years old. As to that conviction for assault with a firearm, Petitioner stated that it involved a "lover's triangle situation," in which the victim beat her and Petitioner responded by obtaining her boyfriend's firearm and firing at the victim. (1 CT 28-29.)

Finally, Petitioner claimed that her current offenses stemmed solely from her cocaine relapse. Petitioner stated she had previously participated in a year long residential program which gave her the skills to overcome her addiction. (1 CT 29.)

The prosecution filed an opposition to the motion to dismiss the strike, listing Petitioner's

criminal history as follows:

On February 19, 1983, Petitioner was arrested for petty theft and trespassing. On March 10, 1983, she pled guilty to misdemeanor trespassing and received three years probation.

On March 21, 1983, Petitioner was arrested for resisting arrest and providing false information to a Peace Officer. She pled guilty on June 22, 1983 and received ten days in custody.

On July 27, 1983, Petitioner was arrested for petty theft. She pled guilty on September 30, 1983 to the offense. She received probation. Later the same day, Petitioner was again arrested for petty theft. On October 15, 1983, Petitioner pled guilty and received 20 day in jail.

On February 9, 1985, Petitioner was arrested for assault and use of a firearm. She was sentenced to 270 days in custody. Her probation was revoked four times. According to the probation report provided by Petitioner in her motion to dismiss the strike, the victim was shot in the side and at the time of sentencing still had bullets in her body and suffered from pain.

On June 21, 1987, Petitioner was arrested for petty theft with a prior conviction. She pled guilty and received 180 days in jail. Her probation was subsequently revoked and she was sentenced to 365 days in jail and ultimately sentenced to prison on May 9, 1991.
On January 15, 1988, Petitioner was arrested for a failure to appear. On May 23, 1998 she pled guilty and was sentenced to 120 days in jail.

On December 1, 1988, Petitioner was arrested for forgery. She pled guilty to a misdemeanor and was sentenced to 90 days in jail.

On July 21, 1990, Petitioner was arrested for petty theft with a prior conviction. She pled guilty and received 55 days in jail. Probation was revoked and Petitioner was sentenced to prison for two years on May 9, 1991.

On June 2, 1992, Petitioner was arrested for possession for sale of a controlled substance. She pled guilty and was sentenced to three years in state prison.

On March 10, 2005, Petitioner was arrested for possession of a controlled substance. She pled guilty and was set to be sentenced on August 15, 2005. However, on May 14, 2005, Petitioner was arrested for possession of a controlled substance. She pled guilty and was set to be sentenced on August 15, 2005. Again, on May 26, 2005, Petitioner was arrested for possession of a controlled substance, being under the influence of a narcotic, resisting arrest, and possession of a methamphetamine pipe. She pled guilty to possession of controlled substance and was set to be sentenced on August 15, 2005.

On December 10, 2005, Petitioner was arrested for possession of cocaine, smuggling cocaine into jail, receiving stolen property, and forgery of checks. She pled guilty to receiving stolen property while being out on bail.

On February 10, 2006, Petitioner was arrested for transportation of cocaine base, and possession of cocaine base for sale. She pled guilty to possession for sale, and admitted having a prior conviction for possession for sale, as well as a strike conviction.

(1 CT 48-49.)

The trial court stated it had read the motion filed by Petitioner, as well as the probation

1 report on the strike conviction, and the psychological report attached to the motion to dismiss the
2 strike. The trial court also considered the prosecution's response. (1 RT 13.) The trial court
3 listened to argument and then denied the motion to dismiss the strike. The trial court stated that
4 Petitioner had not led a "morally crime-free life from the strike, even though it was some years past,
5 and is not an appropriate candidate to strike the strike." (1 RT 20.)

6       At the motion for recall, trial counsel stated that while he did not agree with the trial
7 court's decision not to dismiss the strike, he did understand that there were reasons why the court
8 chose not to dismiss the strike. Trial counsel acknowledged that one of the current offenses was a
9 serious crime and that Petitioner had "a lot of criminal convictions," although none of them were
10 particularly serious and they occurred in the late 1980s and early 1990s, with the exception of the
11 possession for sale case and the recent "spate" of cases. (1 RT 25-26.) Trial counsel admitted the
12 matter was a close one. (1 RT 26.) The trial court then sentenced Petitioner to a lower term, for
13 reasons other than the strike.

14    **B.  Law**

15       Federal habeas corpus is available only on behalf of a person in custody in violation of the
16 Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502
17 U.S. 62, 68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385; Poland v. Stewart, 169 F.3d 573, 584 (9th Cir.
18 1999); O'Bremski v. Maass, 915 F.2d 418, 423 (9th Cir. 1990). Federal Habeas is unavailable to
19 retry state issues. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178, 33 L. Ed. 2d 1
20 (1972). "A federal court may not issue the writ on the basis of a perceived error of state law."
21 Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L.Ed.2d 29 (1989).

22    **1.  Exhaustion**

23       There are two separate issues involved in this claim. The first is the preliminary question
24 of exhaustion/default. This question asks whether the federal question before the federal court was
25 ever in fact fairly presented to the state court. Issues presented to the state's highest court as one
26 purely of state law do not present federal constitutional claims and, therefore, cannot exhaust state
27 remedies to permit federal review. A state court's refusal to reverse a sentence on state law grounds
28 is not reviewable in federal habeas. Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993).

Moreover, if no remedy is currently available to present the claim, because habeas corpus cannot serve as a substitute for appeal (In re Harris, 5 Cal. 4th 813, 829, 855 P.2d 391, 21 Cal. Rptr. 2d 373 (1993)) and cases cited, and none of the Harris sentencing exceptions apply for a sentence in excess of the court's power as defined by the Constitution, statute or rules developed by the courts (In re Harris, at 838-40), the claim is defaulted and may not be considered on federal habeas corpus. McCall v. Benson, 114 F.3d 754 (8th Cir. 1997).

Exhaustion of a federal issue requires that a petitioner recite both the factual and federal constitutional basis for claims. See Duncan v. Henry, 513 U.S. 364, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam)[1]; see also Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996) reaffirming the need for both the factual basis and underlying legal theory; Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Gray holds that the use of broad phrases such as "due process" and "fair trial" is too broad to present a more particular federal claim. Gray at 163; Gatlin at 888; Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). A state claim will not fairly present a federal question. Johnson v. Zenon, 88 F.3d 828 (9th Cir. 1996); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998) (rejecting claim that a state challenge to the applicability of aiding and abetting instructions fairly raised a federal challenge to the mens rea element in violation of federal due process). Mere similarity of claims is insufficient to establish exhaustion. Vang v. Nevada, 329 F.3d 1069, 1075 (9th Cir. 2003). The extent of the obligation on a petitioner to identify a federal basis is illustrated by Lyons v. Crawford, 247 F.3d 904 (9th Cir. 2001) which rejected sufficiency, impartial jury and ineffective assistance claims which were inadequately identified as federal claims, and Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000), which held that a federal claim is unexhausted when only state claim presented to state court. If a petitioner wants to present a federal claim, the petitioner must say so, not only in federal court, but in state court. Johnson 88 F.3d at 830; Hiivala, 195 F.3d at 1107; Gatlin, 189 F.3d at 888. In fact, an evidence claim was found "not cognizable" in Park v. California,

---

1. Duncan v. Henry summarily reversed Henry v. Estelle, 33 F.3d 1037 (9th Cir. 1993) and removed the basis for Chacon v. Wood, 36 F.3d 1459, 1467-69 (9th Cir. 1994) by now requiring a petitioner to recite both the factual and federal constitutional basis for claims.

Motion, & Memo of Points & Auth in support thereof, to dismiss petition for writ of h.c.    07-2345 JLS (JMA)

1   ///

2   202 F.3d 1146, 1154 (9th Cir. 2000) where although the Fifth, Ninth and Fourteenth Amendments

3   were cited, the arguments all related to California relevancy law.

4       When the argument is not framed or considered in constitutional terms and only a state

5   case is cited, there is no fair presentation unless the case analyzes a constitutional issue. See

6   Anderson v. Harless, 459 U.S. 4, 6 n.3, 103 S. Ct. 276, 277 n.3, 74 L. Ed. 2d 3 (1982) (per curiam).

7   A state law issue may not be transformed into a federal one merely by asserting a violation of due

8   process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

9       "Federal judges will not presume that state judges are clairvoyant." Petrucelli v. Coombe,

10  735 F.2d 684, 689 (2d Cir. 1984), that is to say, that state courts must be clairvoyant enough to

11  understand that a state issue also includes a federal issue. A federal bloom in a garden thick with

12  state court references may not be sufficient to articulate a federal claim to put a reasonable jurist on

13  notice of it; it must be presented unveiled. Casella v. Clemons, 207 F.3d 18, 21 (1st Cir. 2000).

14  "Judges are not like pigs hunting for truffles buried in briefs." U.S. v. Dunkel, 927 F.2d 955, 956

15  (7th Cir. 1991).

16      **2.   Federal Question**

17      The second issue is whether a federal claim of sentencing error presents a federal question

18  at all. This presumes the issue was fairly presented to the state court. The misapplication of state

19  law results in a due process violation only if the sentence is arbitrary and capricious. Richmond v.

20  Lewis, 506 U.S. 40, 50, 113 S. Ct. 528, 536, 121 L. Ed. 2d 411 (1992). A claim of abuse of

21  discretion in failing to strike priors under California's case law is not cognizable. Ely v. Terhune,

22  125 F. Supp. 2d 403, 408, 411 (C.D.Cal 2000). The Ninth Circuit agreed there was no federal

23  question regarding the decision whether to dismiss a strike in Brown v. Mayle, 283 F.3d 1019, 1040

24  (9th Cir. 2002), judgment vacated on other grounds, Mayle v. Brown, 538 U.S. 901, 123 S. Ct. 1509,

25  155 L. Ed. 2d 220 (2003).

26    **C.   Analysis**

27      Petitioner did not present a federal claim in the state courts. In both her appeal to the

28  California Court of Appeal, and to the California Supreme Court, Petitioner claimed only that the

1  trial court abused its discretion in not dismissing his 1986 strike conviction under state law. In his
2  brief in the California Court of Appeal not a single reference is made to any federal law, statute, or
3  case. (Lods, 2. 4.) The same applies to his petition in the California Supreme Court. (Lod. 6.)
4  Thus, at no time were the state courts ever alerted as to any federal issue being raised.

5  Based on the law as stated above in part (B)(1), this failure to assert a federal claim in the
6  state courts is fatal to this Petition. Petitioner has not fairly presented the federal issue to the state
7  courts. He is prohibited from raising such an issue in state courts via a petition for writ of habeas
8  corpus since habeas corpus is not a substitute for direct appeal. Consequently, the issue is now
9  defaulted and must be dismissed.

10  Additionally, the issue of the trial court abusing its discretion in not dismissing a strike
11  is not a federal question for which relief may be granted. Under California law, a trial court has the
12  ability to either dismiss, or not, a strike conviction. People v. Superior Court (Romero), 13 Cal. 4th
13  497, 917 P.2d 628, 53 Cal. Rptr. 2d 785 (1996). However, such an issue is not a federal question.
14  Ely, 125 F. Supp. 2d at 408; Mayle, 283 F.3d at 1040. Thus, this issue must be dismissed for lack
15  of a federal question.[2]

16  ///
17  ///
18  ///
19  ///

---

2. It is clear that some can, e.g., multiple punishment under the double jeopardy clause, ex post facto sentencing, and limited Eighth Amendment claims. A sentence based on erroneous information is also illegal. Townsend v. Burke, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255, 92 L. Ed. 1690 (1948); Farrow v. U.S., 580 F.2d 1339 (9th Cir. 1978). Nevertheless, if there is no evidence of false information, the claim will fail. Villafuerte v. Stewart, 111 F.3d 616, 628 (9th Cir. 1997). Petitioner must show an inaccuracy and that the court relied on it. Lechner v. Frank, 341 F.3d 635 (7th Cir. 2003), citing U.S. v. Tucker, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972). Petitioner failed to show error where there was a failure to show that the judge based the sentence on alleged inaccuracies in the probation report in Shumate v. Newland, 75 F. Supp. 2d 1076, 1096 (N.D.Cal. 1999). See Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (to establish a due process violation from false information at sentencing, petitioner must establish that information was materially false or misleading, and the sentencing judge relied on the information at least in part).

**CONCLUSION**

Based on the above, respondent respectfully requests this Court reject the claims set forth in the Petition for Writ of Habeas Corpus with prejudice, deny all other relief, and deny any request for a certificate of appealability.

Dated:  February 25, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General


s/David Delgado-Rucci


DAVID DELGADO-RUCCI
Deputy Attorney General
Attorneys for Respondent

DDR:cp
80210214.wpd
SD2007701199

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Williams v. Patrick**

No.:   **07-2345 JLS (JMA)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 25, 2008, I served the attached [**MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**] by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Sharon Yolanda Williams: Petitioner
X-20490
PO Box 1508
Chowchilla CA 93610
[2 copies]

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 25, 2008, at San Diego, California.

|  |  |
|---|---|
| Cathey Pryor | *(signature)* |
| Declarant | Signature |

80210281.wpd