Sharon Yolanda Williams X-20490
Central California Woman's Facility
Post Office Box 1508
Chowchilla, CA 93610-1508

Pro Per

FILED
08 MAR 18 AM 8:43
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sharon Yolanda Williams,<br><br>  Petitioner,<br><br>vs.<br><br>Deborah Patrick,<br><br>  Respondent | Case No.: 07-2345 JLS (JMA)<br><br>**REPLY TO RESPONDENT'S ANSWER TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

The Petition for Writ of Habeas Corpus presents an issue improperly adjudicated in the California state courts. Petitioner seeks federal review of a state imposed sentence after presenting the nature and circumstances to the California state Supreme Court. Respondent concedes Petitioner has complied with the exhaustion requirement and therefore, federal jurisdiction is the next step in the adjudication process. However, Respondent alleges that the prior conviction used by the sentencing court to enhance Petitioner's sentence lies outside the reach of this court's jurisdiction, and therefore,

REPLY TO RESPONDENT ANSWER

- 1

the matter must be dismissed in favor of finality of the state court's judgment.

Petitioner's contention in the main is that the legal construct Respondent sets forth is based on an unreasonable application of clearly established United States Supreme Court precedent because the patchwork of cases do not address precisely the issues raised concerning the constitutionality of the enhanced sentence based on "stale information".

## REPLY TO RESPONDENT'S ANSWER

In Paragraph 1: Petitioner was sentenced to an illegal sentence of eight years and eight months.

In Paragraph 2: Petitioner admits is true.

In Paragraph 3: Petitioner denies the allegation that the 1986 strike conviction does not present a federal question with respect to it being improperly adjudicated in the California state court.

In Paragraph 4: Petitioner denies the allegation made by Respondent that the conditions of confinement and the attending constitutional rights have not been violated in any kind of way because the Constitution prohibits increased sentences based on inaccurate and unreliable information.

Therefore, Petitioner prays the court grant the Petition for Writ of Habeas Corpus and refer the matter back to the state court to reduce the term of imprisonment by three years.

## STATEMENT OF THE CASE

Respondent presents a fairly accurate historical summary of the factual circumstances of the criminal convictions the trial court relied upon to impose the sentence of eight years and eight months. The below cases:

```
SCS  193440
SCS  198779
SCS  192976
SCS  192457
SCS  193480
```

The California state Court of Appeals: D0495775

The California state Supreme Court: S159649.

Respondent's moving papers state that an argument will be made to articulate reasons why the Petition for Writ of Habeas Corpus should be dismissed on procedural grounds, specifically, that the statute of limitations stands in the way of federal jurisdiction. However, Respondent proceeds to **Answer** the petition on the merits, and therefore, the issue concerning the statute of limitation it's waived. Furthermore, in Paragraph II Respondent states unequivocally that the petition is timely. Petitioner asserts the case should move forward accordingly.

## STATEMENT OF FACTS

Respondent refers to the alleged facts derived from the California Court of Appeals to support its legal conclusions. In

**REPLY TO RESPONDENT ANSWER**

four sentences, Respondent frames Petitioners sentencing issues. It is difficult to assess what are the facts precisely based on a perusal of the four sentences. P. 4 (Answer)

## STANDARD OF REVIEW

Several constitutional provisions limit the information the sentencing judge may properly consider in determining a sentence. Even though this is so, the AEDPA changed the standards for granting federal habeas relief. Under AEDPA, Congress prohibited federal courts from granting habeas relief unless a state court's adjudication of a claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," § 2254(d)(1), or the relevant state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. § 2254(d)(2). The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold. See **Williams v. Taylor**, 529 US 410. AEDPA also requires federal habeas courts to presume the correctness of state courts factual findings unless applicants rebut this presumption with "clear and convincing evidence." § 2254(e)(1).

**THE STATE COURT'S ADJUDICATION OF THE FACTS CONSTITUTE AN ABUSE OF DISCRETION WHICH RESULTED IN THE IMPOSITION OF A LENGTHIER SENTENCE TO VIOLATE PETITIONER'S RIGHT TO DUE PROCESS OF LAW**

REPLY TO RESPONDENT ANSWER

- 4

The right to access the court to seek judicial remedy is a fundamental bedrock principle of the English Common Law. Rooted in the Magna Carter. At the time the Due Process Clause was adopted, the right of access was established as fundamental principle of liberty, limited the abuse of power by all parties of Government. It is among the most important of the rights and liberties of the common law that Americans guaranteed for themselves.

The Due Process Clause of the Fifth Amendment, later incorporated into the Fourteenth Amendment, was intended to give Americans at least the protection against governmental power that they had enjoyed as Englishmen against the power of the crown. The liberty preserved from deprivation without the process included the right generally to enjoy those principles long recognized at common law as essential to the orderly pursuit of happiness by free men. **Ingraham v. Wright** 430 US 651, 673 (1977); **Meyer v. Nebraska** 262 US 390, 399 (1923); **Hurtado v. California** 110 US 516, 535 (1884).

Among those essential privileges is the right to obtain redress from the courts. The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws. One of the first duties of government is to afford that protection. **Marbury v. Madison** 5 US (1Cranch)

**REPLY TO RESPONDENT ANSWER**

137, 163 (1803). The right of Petition is one of the freedoms by the **Bill of Rights. Eastern Railroad Conference v. Noerr Motor Freight**, 365 US 127, 138.

Petitioner contends the relevant state-court decision (California State Court of Appeals) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings". § 2254(d)(2). The question is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold. **Williams v. Taylor** 529 US 410.

Here, the landmark case of **Walton v. Arizona** 497 US 639, 650 (1990), *overruled on other grounds* in **Ring v. Arizona** 536 US 584 (2002) establishes clearly that a defendant carries his or her burden of proof to establish mitigating circumstances **meriting leniency**. Under California Penal Code section 1385, the trial court has the inherent power to strike a prior conviction if a defendant "invites the court to exercise its power" under the statute. **Rockwell v. Superior Court** 18 Cal.3d 420, 441 (1976).

In exercising its discretion under § 1385, the California Supreme Court has stated that the court is obliged to determine whether the defendant be deemed outside the spirit of the three-

**REPLY TO RESPONDENT ANSWER**

- 6 -

strike law in light of the nature of the circumstances of he defendant's serious/violent felonies, and the particulars of his or her background, character and prospects…..Even the age of the defendant is relevant to the extent that the court is permitted to evaluate factors such as how long the state maintains an interest in keeping the defendant as a public charge and after what period of incarceration he is no longer likely to reoffend again". See, **People v. Garcia** 20 Cal. 4th 503 (1999); **Bishop** at p. 1251 of 56 Cal.App.4th.

The leading case of **People v. Romero** 13 Cal.4th 497 is instructive:

1. Societal interest in favor of prosecution of crimes properly charged
2. Remoteness in time of the subject strike
3. Age of the defendant
4. Whether the strike is necessary to arrive at a fair and just decision given all of the other options available to the court.
5. The central value of the sentence, see **Cluff** 87 Cal.App.4th 991,1004 (2001).

### CONCLUSION

Petitioner concludes that she has carried her burden at a substantially higher threshold to merit leniency by showing the relevant state-court decision was unreasonable determination of

the facts in light of the evidence presented in the state court proceeding which resulted in a violation of clearly established United States Supreme Court law.

For these reason, Petitioner prays for a reduction in her sentence of three years accordingly.

Date 3-12-08

*Sharon Williams*

Sharon Yolanda Williams

**REPLY TO RESPONDENT ANSWER**

- 8 -

# PROOF OF SERVICE

I, Steven King, am over the age of 18 years and I am not a party to the enclosed action pending before the court in the matter of **Sharon Yolanda Williams v. Deborah Patrick** Case No. 07-2345 JLS (JMA). I delivered the below described documents as follows:

**REPLY TO RESPONDENT'S ANSWER TO PETITION FOR**

**WRIT OF HABAEAS CORPUS**

I placed true copies of the above documents in the US MAIL to be delivered and addressed as noted below:

| | |
|---|---|
| Office of the Clerk | Office of the Attorney General |
| United States District Court | C/O David Delgado – Rucci |
| Southern District Court | Deputy Attorney General |
| 940 Front Street | 110 West "A" Street, Suite 1100 |
| San Diego, CA 92101 | San Diego, CA 92101 |

Sharon Yolanda Williams X-20490

Central California Woman's Facility

Post Office Box 1508

Chowchilla, CA 93610-1508

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on the 18th of March 2008 in San Diego, California.

*Steven King* (signature)

PROOF OF SERVICE