UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON YOLANDA WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>DEBORAH L. PATRICK, Warden,<br><br>    Respondent. | Case No. 07-CV-2345-JLS(JMA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON PETITION FOR WRIT OF HABEAS CORPUS** |

**I.   Introduction**

Sharon Yolanda Williams ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 challenging her San Diego Superior Court sentence in case number SCD 192976. (See Petition, Ground One.)  Petitioner contends that the trial court violated her due process rights by enhancing her sentence based on a 1986 felony conviction.  (Id.)

The Court has considered the Petition, Respondent's Motion to Dismiss the Petition, Petitioner's Reply, and all the supporting documents submitted by the parties.  Based upon the documents and evidence presented in this case, and for the

reasons set forth below, the Court recommends that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be **DENIED**.

**II. Factual Background**

This Court gives deference to state court findings of fact and presumes them to be correct. Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Parke v. Raley, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness). The facts as found by the state appellate court are as follows:

> [¶]... On February 10, 2005, San Diego Police officers stopped Williams for a traffic violation. After learning her driver's license was suspended, they arrested her and found 11.56 grams of cocaine base in her pocket. In 198[6], Williams had been convicted of assault with a deadly weapon (§ 245, subd.(a)(1)) after she shot the victim, a prior strike.

(Lodgment No. 5 at 2.)

**III. Procedural Background**

Petitioner's sentence resulted from guilty plea convictions in four separate cases, involving numerous criminal charges, pertaining to criminal conduct occurring within a one-year period. The arrests, charges, pleas, and sentences pertaining to the individual cases are set out below.

**A. Case No. SCD 192976**

On February 10, 2005, Petitioner was arrested and charged with unlawful transportation of cocaine base in violation of California Health and Safety Code ("H&S") § 11352(a) within the meaning of H&S § 11370.2(a) and possession of cocaine base for

1  sale in violation of H&S § 11351.5[1] within the meaning of H&S §
2  11370.2(a) and California Penal Code ("PC") § 1203.07(a)(11)[2].
3  (Lodgment No. 1, Clerk's Transcript ("CT") at 8-10.)  On May 24,
4  2006, Petitioner entered a guilty plea to count two, knowingly
5  possessing cocaine base for sale in violation of H&S § 11351.5,
6  and she admitted a prior conviction for violation of H&S §
7  11370.2(a) as well as a 1986 strike prior pursuant to PC §§
8  667(b-i), 668, and 1170.12.[3]  (Id. at 11-14.)  The prosecution
9  agreed to dismiss the balance of the charges in case number SCD
10 192976 as well as the charges in case number SCD 191374, and the
11 sentence, when pronounced, was to run concurrent with the
12 sentences in case numbers SCS 192457 and SCS 193480.  (Id. at
13 11.)

    **B.  Case No. SCS 192457**

15     On March 10, 2005, Petitioner was arrested and charged with
16 possession of cocaine base for sale in violation of H&S §
17 11351.5, transportation of cocaine base in violation of H&S §
18 11352(a) within the meaning of PC § 1210(a)[4], possession of
19 cocaine base in violation of H&S § 11350(a), possession of

---

[1] Because Petitioner was previously convicted of the crime of unlawfully possessing narcotics in violation of H&S § 11351.5, H&S § 11370.2 mandates a full, separate, and consecutive three-year term. See H&S § 11370.2 (2007).

[2] Because Petitioner was previously convicted of the crime of unlawful possession of narcotics in violation of H&S § 11351.5, PC § 1203.07 proscribes granting probation or suspending her sentence.  See PC § 1203.07 (2004).

[3] Petitioner was previously convicted of assault with a firearm in violation of PC §§ 245(A)(2) and 12022.5 on February 26, 1986 in case number CR72953.  (Augmented CT at 13.)

[4] The transportation of the controlled substance was not for personal use.

paraphernalia used for narcotics in violation of H&S § 11364, and unlawfully driving a motor vehicle with a suspended driver's license in violation of California Vehicle Code ("VC") § 14601.1(a). (Lodgment No. 1, Augmented Clerk's Transcript ("ACT") at 61-65.) On March 14, 2005, Petitioner was arrested and charged with possession of cocaine base in violation of H&S § 11350(a) within the meaning of PC § 12022.1(b)[5], resisting a police officer in violation of PC § 148(a)(1), and possession of paraphernalia used for narcotics in violation of H&S § 11364. (Id.) On June 14, 2005, Petitioner entered a guilty plea to count three, possession of a controlled substance in violation of H&S § 11350(a). (Id. at 66-68.) The prosecution dismissed the balance of charges in case number SCS 192457, and the sentence, when pronounced, was to run concurrent with case number SCS 193480. (Id. at 66.)

### C. Case No. SCS 193480

On May 14, 2005, Petitioner was arrested and charged with possession of cocaine base in violation of H&S § 11350(a), possession of paraphernalia used for narcotics in violation of H&S § 11364, and driving a motor vehicle with a suspended driver's license in violation of VC § 14601.1(a). (ACT at 32-35.) On June 14, 2005, Petitioner entered a guilty plea to count one, unlawful possession of a controlled substance in violation of H&S § 11350(a). (Id. at 36-38.) The prosecution dismissed

---

[5] Because Petitioner was arrested for a secondary offense which was alleged to have been committed while she was released from custody on a primary offense (out on bail), she was subject to a penalty enhancement of an additional two years in state prison to be served consecutive to any other term imposed by the court. See PC § 12022.1(b) (2000).

the balance of charges in case number SCS 193480, and the sentence, when pronounced, was to run concurrent with case number 192457. (Id. at 36.)

### D. Case No. SCS 198779

On December 10, 2005, Petitioner was arrested and charged with smuggling a controlled substance into jail in violation of PC § 4573 within the meaning of PC § 12022.1(b), possession of cocaine in violation of H&S § 11350(a) within the meaning of PC § 12022.1(b), receiving stolen property in violation of PC § 496(a) within the meaning of PC § 12022.1(b), and forgery of checks in violation of PC § 470(d) within the meaning of PC § 12022.1(b). (ACT at 5-8.) On May 24, 2006, Petitioner entered a guilty plea to count three, receiving stolen property in violation of PC § 496(a) within the meaning of PC § 12022.1(b). (Id. at 9-11.) The prosecution dismissed the balance of charges in case number SCS 198779 as well as charges from case number SCD 191374, and the sentence, when pronounced, was to run concurrent with case numbers SCS 192457 and SCS 193480. (Id.)

### E. Motions Submitted Prior to Sentencing

On July 27, 2006, Petitioner filed a Request for Consideration of Dismissal ("Motion to Strike "Strike" Prior), requesting that the sentencing court strike her 1986 felony conviction and sentence her to a low term of three years in case number SCD 192976, with the additional three-year prior allegation, for a total of six years in state prison (with sentences in all other cases to run concurrently). (CT at 24-30.) On July 31, 2006, the prosecution filed an Opposition to Petitioner's Motion to Strike "Strike" Prior. (Id. at 47-56.)

On August 1, 2006, at the time of sentencing, the court denied Petitioner's Motion to Strike "Strike" Prior. (Lodgment No. 8, Reporter's Transcript ("RT") at 20.)

### F. August 1, 2006 Sentencing

The court sentenced Petitioner on August 1, 2006. (RT at 13-22.) With respect to case number SCD 192976, the court imposed, among other things, the low term of three years on count two, doubled to six years because of the strike prior, plus an additional three years consecutive pursuant to H&S § 11370.2(a), for a total of nine years in state prison. (Id. at 20-22.) With respect to case number SCS 198779, the court imposed, among other things, the middle term of two years in state prison on count three, to run concurrent with the nine-year sentence in case number SCD 192976, and two years consecutively for the PC § 12022.1(b) enhancement. (Id.) With respect to case number SCS 193840, the court imposed, among other things, the middle term of two years in state prison on count one to run concurrent with the nine-year sentence in case number SCD 192976. (Id.) With respect to case number SCS 192457, the court imposed the middle term of two years on count three to run concurrent with the nine-year sentence in case number SCD 192976. (Id.) The total sentence imposed was eleven years in state prison. (Id.)

### G. Motion to Recall Sentencing

On August 16, 2006, Petitioner filed a Request for Consideration to Recall Sentence ("Motion to Recall Sentence") pursuant to PC § 1170(d). (ACT at 12-18.) On August 30, 2006 the prosecution filed an Opposition to Petitioner's Motion to Recall. (Id. at 19-25.)

**H.   September 6, 2006 Recall of Sentence**

On September 6, 2006, the court recalled on its own motion Petitioner's eleven-year sentence pronounced August 1, 2006 because "[a]t the time of the plea agreement, there was no meeting of the minds that the [PC] section 12022.1 enhancement, which is attached to case ending '779, was required to be imposed consecutively." (RT at 34-35; see also CT at 83.) With respect to case number SCD 192976, the court imposed the low term of three years in state prison on count two, doubled to six years because of the strike prior, and dismissed the H&S § 11370.2(a) allegation "in furtherance of justice and given the fact that ... the prior is somewhat old," for a total sentence of six years. (RT at 35-36; CT at 83.) With respect to case number SCS 198779, the court imposed one-third the middle term of two years, or eight months, in state prison on count three. (RT at 36.) The court also imposed, among other things, a consecutive two years for the PC § 12022.1(b) enhancement. (Id.) The two-year, eight-month prison term on this case was to run consecutive to the sentence on case number SCD 192976. (Id.) With respect to case number SCS 192457, the court imposed, among other things, the middle term of two years on count three (3) to run concurrent with the sentence in case number SCD 192976. (Id.) With respect to case number SCS 193840, the court imposed, among other things, the middle term of two years in state prison on count one to run concurrent with the sentence in case number 192976. (Id. at 37.) The total prison sentence imposed was eight years and eight months. (Id.)

//

**I.  Post-Sentencing**

On September 27, 2006, Petitioner filed a direct appeal challenging her eight-year eight-month sentence in the California Court of Appeal, Fourth Appellate District, Division One. (CT at 61; Lodgment Nos. 2-4.) On June 19, 2007, in an unpublished opinion, the California Court of Appeal affirmed Petitioner's sentence. (Lodgment No. 5.) On July 26, 2007, Petitioner filed a Petition for Review in the California Supreme Court, which was denied without comment. (Lodgment Nos. 6-7.)

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on December 17, 2007. [Doc. No. 1.] Respondent filed a Motion to Dismiss Petition Writ of Habeas Corpus on February 25, 2008, and Petitioner filed a "Reply to Respondent's Answer" on March 18, 2008. [Doc. Nos. 5 and 8.]

**IV.  Discussion**

**A. Standard of review**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).

The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997). As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was <u>adjudicated on the merits</u> in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) & (2) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Williams</u>, 529 U.S. at 412–413; <u>see</u> also <u>Lockyer v. Andrade</u>, 538 U.S. 63, 73–74 (2003).

Where there is no reasoned decision from the state's highest court, this Court "looks through" to the underlying appellate court decision. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801–806 (1991). A state court need not cite Supreme Court precedent when resolving claims presented on direct or collateral review. <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002). "[S]o long as neither the

reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" id., the state court decision will not be "contrary to" clearly established federal law. Id.

### B. The Trial Court Did Not Improperly Enhance Petitioner's Sentence in Violation of Due Process

Petitioner contends that the state court violated her due process rights by improperly imposing an enhanced prison sentence based on a 1986 felony conviction (strike). (See Petition, Ground One.) Generally, matters relating to sentencing are governed by state law and do not raise a federal constitutional question. Federal habeas corpus relief is granted "only on the ground that [the state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mere errors of state law are not cognizable in federal habeas corpus proceedings. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Pulley v. Harris, 465 U.S. 37, 41 (1984). Moreover, this Court defers to and is bound by a state court's interpretation of its own laws. Wainwright v. Goode, 464 U.S. 78, 84 (1983).

The Due Process Clause of the U.S. Constitution prohibits state courts from depriving persons of liberty except to the extent authorized by law. Whalen v. United States, 445 U.S. 684, 689 n.4 (1980). Under narrow circumstances, a misapplication of state sentencing law may violate due process. "[T]he federal, constitutional question is whether [the erroneous sentencing decision] is 'so arbitrary or capricious as to constitute an independent due process ... violation.'" Richmond v. Lewis, 506 U.S. 40, 50 (1992)(citation omitted).

10

A brief recitation of California law regarding the consideration of strike offenses in sentencing is instructive: California trial courts retain the power to dismiss a defendant's prior conviction, for purposes of enhancing a sentence, on their own in the interests of justice.  See PC § 1385(a) (2000). Acting under PC § 1385(a), a court may strike a prior felony conviction alleged in cases brought under the Three Strikes Law. People v. Superior Court (Romero), 13 Cal. 4th 497, 529-30 (1996).  "[I]ntended to restrict courts' discretion in sentencing repeat offenders, ... the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court 'conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme.'" People v. Carmony, 33 Cal. 4th 367, 377 (2004)(citing Romero, supra, 13 Cal. 4th 497 at 528; People v. Strong, 87 Cal. App. 4th 328, 337 (2001)).

The court in Carmony went on to say that the trial court will only abuse its discretion in limited circumstances, such as, when the court is unaware it has discretion to dismiss a strike or where the court utilized impermissible factors in declining to strike the strike.  Carmony, supra, 33 Cal. 4th at 378 (citing People v. Langevin, 155 Cal. App. 3d 520, 524 (1984); People v. Gillispie, 60 Cal. App. 4th 429, 434 (1997)).  "On appeal, ... '[t]he burden is on the [petitioner] to clearly show that the

11

sentencing decision was irrational or arbitrary.  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review' ... [or] reversed merely because reasonable people might disagree." People v. Superior Court (Alvarez), 14 Cal. 4th 968, 977-78 (1997)(internal citation omitted)(citing People v. Supreme Court (Du), 5 Cal. App. 4th 822, 831 (1992); People v. Preyer, 164 Cal. App. 3d 568, 573 (1985)).

The sentencing court denied Petitioner's Motion to Strike "Strike" Prior because "[s]he has not led a morally crime-free life from the strike, even though it was some years past, and [she] is not an appropriate candidate to strike the strike." (Lodgment No. 8 at 20.)  Petitioner argued in her state appeal that the sentencing court failed to balance the relevant facts concerning her criminal history, specifically the nature and circumstances surrounding her 1986 strike conviction for assault with a firearm. (See Lodgment No. 2 at 8-14; Lodgment No. 4 at 2-6; see also CT at 38-46.)  Petitioner noted that the conviction occurred 20 years ago when she was 23 years old, and it arose from a "lover's triangle" situation in which the victim repeatedly struck Petitioner. (Lodgment No. 2 at 12; Lodgment No. 4 at 2.)  Petitioner was pregnant at the time. (Id.)  At the time Petitioner was sentenced on that assault with a firearm conviction, the probation officer recommended probation, which the court determined appropriate, because the victim initiated and provoked the incident, the crimes occurred as the result of an unusual circumstance, and Petitioner's prior criminal history

was deemed insignificant. (Lodgment No. 4 at 13.)

Additionally, Petitioner contended in the state appellate court that the trial court failed to consider that, aside from her prior strike, none of her offenses was violent, but rather involved the personal use of drugs. (Lodgment No. 2 at 11-12.) Petitioner offered the opinion of clinical psychologist, Dr. Thomas Barnes, Ph.D, who attributed Petitioner's criminal activity to a significant addiction to crack cocaine. (See CT 32-36.) Finally, Petitioner argued that the trial court failed to consider that she remained sober and crime-free for twelve years, demonstrating her ability to live a law-abiding life. (Lodgment No. 2 at 13.) Given these reasons, Petitioner contended it was improper for the court not to dismiss her 1986 felony conviction at the time of her August 6, 2006 sentencing. (Id. at 11.)

In denying Petitioner's direct appeal, the California Court of Appeal stated:

> [¶] Whether to strike a prior conviction is in the trial court's discretion. (*People v. Superior Court (Romero)*(1996) 13 Cal.4th 497, 529-530.) A trial court's decision not to strike a strike prior will be upheld unless the decision is irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) That reasonable minds might differ or that we would have exercised discretion differently is not sufficient. (*Ibid.*) In ruling whether to dismiss a strike prior, the court must consider whether, in light of the nature and circumstances of his or her present criminal activity and prior serious and/or violent felony convictions, the defendant may be deemed outside the spirit of the three-strikes law and should be treated as though he or she had not committed one or more strike priors. (*People v. Williams* (1998) 17 Cal.4th 148, 162-163.) Over the past 25 years, Williams has been the subject of juvenile court true findings and has been repeatedly convicted of criminal acts including: petty theft (§§ 484 and 488)(three offenses); resisting arrest (§ 148)(two offenses); assault with a deadly weapon; petty theft with a prior

>           theft conviction (§§ 666/484)(two offenses); failure to
>           appear while released on bail (§ 1320.5); drafting a
>           check with insufficient funds (§ 476a); possessing a
>           controlled substance for sale; possessing a controlled
>           substance (Health and Saf. Code, § 11350, subd.(a))(two
>           offenses); receiving stolen property (§ 496, subd.
>           (a)); and the present charge of possession of a
>           controlled substance for sale. Williams does not fall
>           outside the scheme of the three strikes law. The trial
>           court was not arbitrary or capricious in denying the
>           motion to strike the prior strike.

(Lodgment No. 5 at 2-3.)

Given Petitioner's extensive criminal history, the Court of Appeal was correct in finding that the trial court was not irrational or arbitrary in denying Petitioner's Motion to Strike "Strike" Prior. Petitioner has committed a host of criminal offenses over the past 25 years and continues to demonstrate recidivist behavior. (See CT at 17-18.) Despite several mitigating factors that set the assault with a firearm conviction apart from the rest of her offenses, the trial court reasonably viewed the extent of her criminal activity after 1986 as evidence that Petitioner was an inappropriate candidate to receive the benefit of a strike dismissal.

Petitioner was indeed crime-free for a twelve year period, but she relapsed with intensity in 2005, habitually violating California laws prohibiting possession of cocaine base for personal use and for sale. At one point, Petitioner was arrested and charged with possession and transportation of cocaine base for sale, and, just four days later, she was arrested again for possession of cocaine base. (See ACT at 61-65.) Twice, in the span of two months, Petitioner was stopped driving under a suspended driver's license with cocaine base and drug paraphernalia present in her car. (See ACT 32-35, 61-

65.)  Finally, Petitioner's recidivism climaxed in December 2005 when she was caught attempting to smuggle cocaine into jail, along with stolen property and forged checks.  (See CT 5-8.)

Although Petitioner accurately contends that none of these offenses was a violent crime, this does not render the trial court's decision arbitrary or capricious.  Clearly, when the trial court considered Petitioner's Motion to Strike "Strike" Prior, it evaluated both the nature and frequency of her past criminal activity.  Despite Petitioner's twelve years of law-abiding behavior, she has demonstrated periods of acute criminal activity and recidivism.  While reasonable minds could differ regarding dismissal of the strike, that is simply not enough to justify federal habeas relief.

Accordingly, the trial court's decision to deny Petitioner's Motion to Strike her 1986 strike was not arbitrary or capricious, Petitioner's sentence does not constitute a violation of due process, and the claim should be dismissed with prejudice.[6]

**V.   Recommendation**

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner has not shown that she is entitled to federal habeas relief under the applicable legal standards.  Therefore, the undersigned magistrate judge hereby recommends that Respondent's Motion to

---

[6] Because the Petition fails on its merits, the Court need not consider Respondent's procedural arguments.  See 28 U.S.C. § 2254(b)(2)(2006); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

1 Dismiss be **GRANTED** and that the Petition be **DENIED WITH**
2 **PREJUDICE** and that judgment be entered accordingly.
3     This Report and Recommendation is submitted to the
4 Honorable Janis L. Sammartino, United States District Judge
5 assigned to this case, pursuant to the provisions of 28 U.S.C.
6 § 636(b)(1).
7     **IT IS ORDERED** that not later than **August 27, 2008**, any
8 party may file written objections with the Court and serve a
9 copy on all parties. The document should be captioned
10 "Objections to Report and Recommendation."
11     **IT IS FURTHER ORDERED** that any reply to the objections
12 shall be served and filed not later than **September 5, 2008.** The
13 parties are advised that failure to file objections within the
14 specified time may waive the right to raise those objections on
15 appeal of the Court's order. See Turner v. Duncan, 158 F.3d
16 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th
17 Cir. 1991).
18     **IT IS SO ORDERED.**
19 DATED: August 5, 2008

                                            Jan M. Adler
                                            U.S. Magistrate Judge