# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON YOLANDA WILLIAMS,<br><br>            Petitioner,<br>vs.<br><br>DEBORAH L. PATRICK, Warden<br><br>            Respondent. | CASE NO. 07CV2345 JLS (JMA)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) GRANTING RESPONDENT'S MOTION TO DISMISS, and (3) DENYING PETITION WITH PREJUDICE**<br><br>(Doc. Nos. 1, 5, & 9) |

On December 17, 2007, Sharon Yolanda Williams ("petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 arguing that the California state courts deprived her of due process by failing to strike a 1986 "strike" conviction when sentencing petitioner for a series of cocaine-related offenses in 2005-06. (Doc. No. 1.) Warden Deborah L. Patrick ("respondent") filed a motion to dismiss the petition on February 25, 2008. (Doc. No. 5.)

On August 5, 2008, Magistrate Judge Jan M. Adler issued a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 9.) Magistrate Judge Adler recommended that this Court grant the motion to dismiss and deny the petition with prejudice. Magistrate Judge Adler found that the San Diego County Superior Court's denial of the motion to strike was not an "irrational or arbitrary" sentencing decision under California law. (Id. at 12 (citing People v. Superior Court (Alvarez), 14 Cal. 4th 968, 977-78 (1997).) Because the sentencing decision satisfied the standard prescribed by California law, it was not "so arbitrary or capricious as to

1  constitute an independent due process . . . violation." (Id. at 10 (citing Richmond v. Lewis, 506
2  U.S. 40, 50 (1992).) The parties were ordered to file written objections by August 27, 2008, but
3  no objections were ever filed.

4  Pursuant to 28 U.S.C. § 636, a district judge "shall make a de novo determination of those
5  portions of the report or specified proposed findings or recommendations to which objection is
6  made." "When no timely objection is filed, the court need only satisfy itself that there is no clear
7  error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72,
8  Advisory Committee Notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th
9  Cir. 1974)).

10  Having reviewed the report and recommendation in the absence of any objection, the Court
11  finds that Magistrate Judge Adler did not commit clear error in his well-reasoned analysis.
12  Therefore, the Court **ADOPTS IN FULL** the report and recommendation. The Court **GRANTS**
13  respondent's motion to dismiss and **DENIES WITH PREJUDICE** the petition for a writ of
14  habeas corpus.

15  IT IS SO ORDERED.

17  DATED: September 29, 2008

18  Honorable Janis L. Sammartino
19  United States District Judge